UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at PIKEVILLE

CIVIL ACTION NO. 7:12-CV-101-KKC

SANDRA MORRIS, individually and as Executrix for
the Estate of Charlice Madonna Pennington
and AMANDA PARKER,                                                             PLAINTIFFS,


v.                          **MEMORANDUM OPINION AND ORDER**


APPALACHIAN REGIONAL HEALTHCARE, INC.,
RELIASTAR LIFE INSURANCE CO.,
JAMES WILEY CRAFT, II and
ANGELA HATTON MULLINS,                                              DEFENDANTS.

* * *  * * *  * * *  * * *

This matter is before the Court on the motions by Defendant Appalachian Regional Healthcare, Inc. ("ARH") to dismiss the Plaintiffs' claims against it (DE 6) and to dismiss (DE 8) the cross-claim against it filed by co-Defendant Angela Hatton Mullins.  Also before the Court is the Motion for Judgment on the Pleadings (DE 7) filed by Defendant Reliastar Life Insurance Co. in which it asks the Court to dismiss the Plaintiffs' claims against it.

**I.      Facts.**

The Plaintiffs originally filed this action in Letcher Circuit Court alleging that they were the named beneficiaries of a $100,000 life insurance policy issued to their mother, Charlice Madonna Pennington, while she was employed by the Defendant ARH.  Pennington worked as a nurse for ARH from 1990 until her death on April 18, 2010.  ARH offered a group life insurance

plan to its employees and Pennington paid premiums for life insurance from the time she began working there until her death.

In their Complaint, the Plaintiffs assert that ARH offered group life insurance policies through two different insurers during Pennington's employment there. In 2009 ARH maintained a group life insurance policy with Defendant ReliaStar. The Plaintiffs assert that beginning January 1, 2010, ARH switched to Reliance Standard Life Insurance Company. Pennington died in April 2010, months after the Plaintiffs allege that ARH switched to Reliance Standard. The Plaintiffs appear to assert that, when ARH applied for insurance with Reliance, it failed to list Pennington as an employee. (DE 1, Complaint, ¶ 21.)

The Plaintiffs also assert in their Complaint that, despite ARH's switch to Reliance as its group insurance provider in January 2010, Pennington remained insured under the ReliaStar policy until her death because she was on leave from ARH under the Family and Medical Leave Act until her death. They further assert that ARH was the administrator of the life insurance plan and that it continued to accept life-insurance premium payments from Pennington until the time of her death and never informed her that she was not covered under an employee life insurance plan.

The Plaintiffs assert that they made a claim to ReliaStar for life insurance benefits but that ReliaStar denied their claim stating that its policy was not in effect at the time of Pennington's death. The Plaintiffs further assert that they made a claim to Reliance for life insurance benefits and that Reliance denied the claim stating that Pennington was not insured under its policy either.

As will be explained below, the Plaintiffs previously filed a lawsuit against Reliance but that claim was dismissed for failure to exhaust administrative remedies. In this action, the

Plaintiffs file suit against ReliaStar and ARH, asserting various state law claims including breach of contract, negligent misrepresentation, violation of the Kentucky Consumer Protection Act, and statutory and common law bad faith claims. They also assert a breach of fiduciary duty claim against ARH.

In addition to the state law claims, Plaintiffs assert claims against ReliaStar and ARH under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq*. The Plaintiffs cite three provisions of ERISA. First, they assert a claim under 29 U.S.C. § 1132(a)(1)(B) which permits ERISA plan beneficiaries to sue to recover benefits due under an ERISA plan. Second, the Plaintiffs cite 29 U.S.C. § 1132(a)(2) which permits beneficiaries to bring a claim for breach of fiduciary duty under 29 U.S.C. § 1109. Third, the Plaintiffs cite 29 U.S.C. § 1132(a)(3) which permits a beneficiary to bring an action to enjoin acts that violate ERISA or an ERISA plan; to obtain other equitable relief; to redress violations of ERISA or an ERISA plan; or to enforce any provision of ERISA or an ERISA plan.

The Plaintiffs also assert malpractice claims against two attorneys – Defendants James Wiley Craft, II and Angela Hatton Mullins – who represented the Plaintiffs in an earlier action against Reliance and ARH, which was dismissed. *Parker, et al. v. Appalachian Regional Hospital, Inc. et al.*, No. 7:11-cv-00038 (E.D. Ky. filed Feb. 25, 2011). The defendants in that action removed the claim to this Court and Reliance moved to dismiss the Plaintiffs' Complaint asserting that its life insurance policy was governed by ERISA and the Plaintiffs had failed to exhaust administrative remedies before filing the action. Mullins and Craft filed no response to Reliance's motion on behalf of the Plaintiffs and the Court dismissed the action.

In this action, the Plaintiffs assert legal malpractice claims against Craft and Mullins. Defendant ReliaStar removed the entire action to this Court asserting that this Court has federal-question jurisdiction over the ERISA claim.

After the action was removed, Defendant Angela Hatton Mullins answered the Complaint and filed a cross-claim (DE 2) against Defendants ReliaStar and ARH, alleging that, if she was negligent, then her negligence was secondary to that of ARH and ReliaStar for failing to pay the Plaintiffs the life insurance benefits.  Mullins asserts that, if the Plaintiffs recover any damages from her, then she is entitled to indemnity from ARH and ReliaStar.

ARH moves to dismiss the Plaintiffs' claims against it and Mullins' cross-claim against it. Defendant ReliaStar moves for judgment on the pleadings, asking the Court to dismiss the Plaintiffs' claims against it and enter judgment in its favor.

## II.     Jurisdiction over Plaintiffs' Claims against Mullins and Craft.

Although no party has raised the issue, the Court first considers whether it has subject-matter jurisdiction over the Plaintiffs' claims against Mullins and Craft.  Where a federal claim is joined with claims over which the Court does not have original or supplemental jurisdiction, the entire action may be removed but the district court *must* sever the claims over which it does not have jurisdiction and remand them to state court.  28 U.S.C.§ 1441.

The Court does not have original jurisdiction over the Plaintiffs' claim against Mullins and Craft.  The malpractice claim is not a federal claim and all the parties are from Kentucky. The next issue is whether the Court has supplemental jurisdiction over the malpractice claim. The court has supplemental jurisdiction over all claims that are "so related" to the claims over which the Court has original jurisdiction that they "form part of the same case or controversy." 28 U.S.C. § 1367(a).

4

The Court has original jurisdiction over the Plaintiffs' claim that ARH and ReliaStar violated ERISA by denying their claim for life insurance benefits.  The Plaintiffs' malpractice claim against Mullins and Craft is not even remotely related to the ERISA claim and involves completely separate facts and separate Defendants.

Accordingly, the Court will sever the Plaintiffs' state-law claims against Craft and Mullins and REMAND those claims to Letcher Circuit Court.  Because the Court has remanded the Plaintiffs' claim against Craft and Mullins, Mullins' cross-claim against ARH and ReliaStar will also be REMANDED.  *See First National Bank of Pulaski v. Curry*, 301 F.3d 456, 461-67 (6th Cir. 2002) (holding that third-party defendants cannot remove an action under either 28 U.S.C. § 1441(a) or 1441(c)); *Vaden v. Discover Bank*, 556 U.S. 49, 61-62 & n.12  (2009) (stating that federal jurisdiction cannot rest upon a counterclaim and that "[t]here is nothing inappropriate or exceptional. . . about a state court's entertaining, and applying federal law to, completely preempted claims or counterclaims.") For this reason, the Court will DENY as moot ARH's Motion to Dismiss Mullins' cross-claim against it.

> **III.     ARH's Motion to Dismiss and ReliaStar's Motion for Judgment on the Pleadings.**

> **A.      The ERISA Claims.**

The Defendants argue that the Plaintiffs should be precluded from asserting their ERISA claims under the doctrine of claim preclusion or issue preclusion. For this argument, the Defendants point to the Plaintiffs' prior action seeking life insurance benefits against ARH, ING, and Reliance.  This Court dismissed that action.

Under the doctrine of claim preclusion, a final judgment forecloses "successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the

5

earlier suit." *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001). Issue preclusion, in contrast, bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment," even if the issue recurs in the context of a different claim. *Id*., at 748–749.

Federal law governs whether a litigant in a federal case is precluded from relitigating an issue or claim that was decided by a federal court in a federal-question case.  *In re Trantham*, 304 B.R. 298, 305 (B.A.P. 6th Cir. 2004); *EB-Gran Productions v. Warner*, 242 F. App'x 311, 312 (6th Cir. 2007).  Claim preclusion has four elements: 1) a final decision on the merits by a court of competent jurisdiction; 2)  a second action between the same parties or their privies; 3) a claim in the second action that was or should have been litigated in the first action; and 4) an identity of claims.  *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006); *Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003).

In the first action, the Plaintiffs asserted a breach of contract claim against ING Insurance Agency, Inc., who ReliaStar asserts is its privy, and a misrepresentation claim against ARH. Those claims, however, were not actually litigated.  Reliance was the only party who filed a brief in that action and it addressed only the claims asserted against it.  Accordingly, the Plaintiffs are not precluded from asserting claims against ARH or ReliaStar in this action.

Under the doctrine of collateral estoppel or issue preclusion, "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Hammer v. I.N.S.*, 195 F.3d 836, 840 (6th Cir.1999) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). "The doctrine reflects the long-standing policy that one full opportunity to litigate an issue is sufficient." *Hammer*, 195 F.3d at 840.

6

Issue preclusion applies when: (1) the issue in the subsequent litigation is identical to that resolved in the earlier litigation, (2) the issue was actually litigated and decided in the prior action, (3) the resolution of the issue was necessary and essential to a judgment on the merits in the prior litigation, (4) the party to be estopped was a party to the prior litigation (or in privity with such a party), and (5) the party to be estopped had a full and fair opportunity to litigate the issue. *Id*.

ARH and ReliaStar argue that, in the prior litigation, this Court determined 1) the group life insurance policy at issue was governed by ERISA; 2) that the Plaintiffs' state law claims were preempted by ERISA; 3) and that the Plaintiffs' claims under ERISA failed because the Plaintiffs failed to exhaust their administrative remedies before filing the action.

In the prior action, the Court determined that the *Reliance* insurance policy was governed by ERISA.  It did not consider whether the *ReliaStar* plan was governed by ERISA.  That issue was never briefed.  In its Motion to Dismiss in the first action, Reliance argued that the plan at issue in that case – the *Reliance* policy – was governed by ERISA under the three-part test set forth in *Thompson v. American Home Assurance Co.*, 95 F.3d 429 (6th Cir. 1996).  In its opinion granting Reliance's unopposed Motion to Dismiss, this Court agreed with Reliance's analysis of the Reliance policy.  The Plaintiffs are not precluded from litigating whether the *ReliaStar* plan is governed by ERISA.

In their Motions to Dismiss, the Defendants do not address the merits of whether the *ReliaStar* plan is governed by ERISA.  Accordingly, the Court is unable to make that determination at this time.  Because the Court is unable to determine whether the plan at issue in this case is governed by ERISA, it is also unable to determine whether the state-law claims are preempted under ERISA.

7

**B.  ERISA Claim for Benefits due must be Dismissed Because Pennington was not Covered under the ReliaStar policy at the Time of her Death.**

The Court can exercise jurisdiction over the claims made in this action before determining whether the ReliaStar plan is governed by ERISA. This is because "federal subject-matter jurisdiction lies over Plaintiffs' suit as long as they raise a colorable claim under ERISA." *Daft v. Advest, Inc.*, 658 F.3d 583, 593 (6th Cir. 2011).  Whether the plan is governed by ERISA is "an element of a plaintiff's claim under Section 502(a)(1)(B), not a prerequisite for federal jurisdiction."  *Id.* at 590-91.

Regardless of whether the ReliaStar plan is governed by ERISA, the Plaintiffs' ERISA claim against ReliaStar and ARH under 29 U.S.C. § 1132(a)(1)(B) for benefits due under the terms of an ERISA plan must be dismissed because Pennington was not covered under the ReliaStar policy at the time she died.

In their Complaint, the Plaintiffs assert that "[u]pon information and belief, the ReliaStar policy was in effect until December 31, 2009," (DE 1, Complaint, ¶ 14), and that "[u]pon information and belief, ARH switched its group life insurance policy to another insurer, Reliance Standard Life Insurance Company, beginning January 1, 2010."  (DE 1, Complaint, ¶ 20.) Pennington died on April 18, 2010.

In their Response brief, however, the Plaintiffs state they are actually "not fully aware" of whether the assertions in their Complaint that the ReliaStar policy was terminated effective January 1, 2010 are accurate.  They argue that "[q]uestions remain" about when the ReliaStar policy was terminated because ARH directed the Plaintiffs to file their claim with ReliaStar, not with Reliance. (DE 11, Response at 4.)  On  a motion to dismiss or motion for judgment on the pleadings, the Court must "accept all well-pled factual allegations as true." *Albrecht v. Treon*,

8

617 F.3d 890, 893 (6th Cir. 2010).  The Plaintiffs have never moved to amend their Complaint to omit or alter their allegations regarding the termination date of the ReliaStar policy.

Further, with its Reply brief, ReliaStar attaches a letter from ARH dated November 16, 2009 by which ARH terminated its ReliaStar group policy effective January 1, 2010.  (DE 14, Ex. C, Letter.)  ReliaStar also attaches a ReliaStar cancellation form reflecting that the ARH policy was canceled effective January 1, 2010, just as the Plaintiffs allege in their Complaint. (DE 14, Ex. C, Letter.)  The cancellation letter and form make clear that ARH terminated the ReliaStar group policy effective January 1, 2010.  *See Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (stating that on a motion to dismiss court can consider documents that are referred to in the plaintiff's complaint and central to her claim).  *See also* DE 1, Complaint, ¶ 20.

In their Complaint and Response brief, the Plaintiffs appear to assert that the fact that the ReliaStar policy was terminated prior to Pennington's death does not matter because Pennington was on leave under the Family and Medical Leave Act and her policy remained in effect for as long as she was on such leave. (DE 11, Response at 5.)  For this argument, the Plaintiffs rely on the FMLA provision of the policy which states:

> Certain employers are subject to the FMLA.  If you have a leave from active work certified by your employer, then for purpose of eligibility and termination of coverage you will be considered to be actively at work. Your coverage will remain in force so long as you continue to meet the requirements as set forth in the FMLA.

(DE 7-3, CM-ECF p. 4.)

As ReliaStar points out, however, even if the Plaintiffs' mother was on FMLA leave, that leave lasts only 12 weeks. 29 U.S.C. § 2612 (a).  There is no dispute that the Plaintiffs' mother stopped work on June 15, 2009.  Thus, the latest date she would have been on FMLA leave

would have been September 7, 2009.  Again, the ReliaStar group policy was terminated effective January 1, 2010 and Pennington died on April 18, 2010.

Thus, even if Pennington was insured under the ReliaStar policy for the duration of any FMLA leave she took, she would not have been covered under the policy at the time of her death.  For this reason, assuming that the ReliStar policy was governed by ERISA, the Plaintiffs' ERISA claim under 29 U.S.C. § 1132(a)(1)(B) for benefits due under an ERISA plan must be dismissed.

### C.     The Plaintiffs' State-Law Claims.

Because Pennington was not insured under the ReliaStar policy at the time of her death, certain of her state law claims must be dismissed on their merits even if the Court should determine that they are not preempted under ERISA.

Because ReliaStar was not obligated to pay the Plaintiffs the life insurance benefits under the terms of the insurance policy, the Plaintiffs' breach of contract claim against ARH and ReliaStar in Count I of the Complaint must be dismissed.

In addition, the Plaintiffs' statutory and common law bad-faith claims contained in Count V must be dismissed.  Under Kentucky law, "[a]bsent a contractual obligation, there simply is no bad faith cause of action, either at common law or by statute."  *Davidson v. American Freightways, Inc.*, 25 S.W.3d 94, 100 (Ky.2000).  Accordingly, the Plaintiffs' bad-faith claims must be dismissed either on their merits or because they are preempted under ERISA.

In Count II of the Complaint, the Plaintiffs assert that both ARH and ReliaStar negligently represented to them and to their mother that she should make premium payments to ARH for life insurance and that such payments would keep her life insurance in effect. The Plaintiffs assert that, because of these false representations, ARH and ReliaStar should be

10

estopped from denying their claim for life-insurance benefits.  This claim does not depend on evidence that ReliaStar was contractually obligated to pay life insurance benefits to the Plaintiffs. Accordingly, the Court will not dismiss this claim at this time.

In Count III of the Complaint, the Plaintiffs assert that ARH owed Pennington and the Plaintiffs a fiduciary duty to ensure that life-insurance coverage was in effect for the Plaintiffs and to provide accurate and truthful information about premium payments, conversion options, and potential coverage loss. The Plaintiffs assert that ARH breached this fiduciary duty by failing to tell them about the change in life-insurance policies which caused the Plaintiffs to believe that Pennington's premium payments kept her coverage in force; by not designating Pennington as an insured with Reliance Standard; and by not informing the Plaintiffs of the "conversion rights" of her life insurance.  Because this claim does not depend upon evidence that the ReliaStar policy was in force at the time of the Plaintiffs' death, this claim will not be dismissed.

Count IV of the Complaint alleges that ARH and ReliaStar violated the Kentucky Consumer Protection Act by falsely representing to the Plaintiffs that she could make premium payments to ARH for life insurance and that such payments would ensure that Pennington was insured.  Because this claim does not depend upon evidence that the ReliaStar policy was in force at the time of the Plaintiffs' death, this claim will not be dismissed against ReliaStar.

ARH argues that the KCPA claim against it should be dismissed because Pennington was not a "consumer" of ARH's for purposes of the act.  That act provides that "[a]ny person who purchases. . . goods or services. . . and thereby suffers any ascertainable" damages "as a result of the use or employment by another person of a method, act or practice declared unlawful by KRS 367.170" may bring an action against the seller. KRS 367.220. The Plaintiffs allege that

Pennington made premium payments to ARH for life insurance. (DE 1, Complaint, ¶¶ 18, 23, 29.) It is unclear to the Court at this time whether that constitutes "purchasing" under the KCPA. Accordingly, the Court will not dismiss this claim.

**IV.   Conclusion.**

As a result of this Opinion, the remaining claims in this action are the Plaintiffs' negligent misrepresentation claim against both ReliaStar and ARH contained in Count II of the Complaint; the breach of fiduciary duty claim against ARH contained in Count III of the Complaint; the KCPA claim against ARH and ReliaStar contained in Count IV of the Complaint; and the ERISA claims against ARH and ReliaStar under 29 U.S.C. §§ 1132(a)(2) and 1132(a)(3) contained in Count VI of the Complaint.

For all the above reasons, the Court hereby ORDERS as follows:

1)     The Plaintiffs' claims against James Wiley Craft and Angela Hatton Mullins are SEVERED from this action and REMANDED to Letcher Circuit Court;

2)     Mullins' cross-claim against ARH and ReliaStar is REMANDED to Letcher Circuit Court and ARH's Motion to Dismiss Mullins' cross-claim against it (DE 8) is DENIED as moot;

3)     ARH's Motion to Dismiss (DE 6) and ReliaStar's Motion for Judgment on the Pleadings (DE 7) are GRANTED in part and DENIED in part as follows:

a)     The Plaintiffs' claims against ARH and ReliaStar under 29 U.S.C. § 1132(a)(1)(B) for benefits due under the terms of an ERISA plan set forth in Count VI of the Complaint are DISMISSED;

b)     The Plaintiffs' breach of contract claims against ARH and ReliaStar set forth in Count I of the Complaint are DISMISSED;

12

      c)      The Plaintiffs' common-law bad faith claims and claims under the Kentucky Unfair Claims Settlement Practices Act, KRS 304.12-230, set forth in Count V of the Complaint are DISMISSED; and

      d)      The Motion to Dismiss (DE 6) and Motion for Judgment on the Pleadings (DE 7) are otherwise DENIED.

Dated this 30th day of April, 2013.

**Signed By:**

_**Karen K. Caldwell**_

**United States District Judge**